[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14376
Non-Argument Calendar

_____

D.C. Docket No. 03-20783-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL ABREU,
a.k.a. Jose S. Abreu,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 20, 2005)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Appellant Jose Manuel Abreu appeals his conviction of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841, arguing that the district court erred in affirming the magistrate judge's order denying his motion to preclude expert testimony regarding fingerprint evidence, because the government failed to demonstrate that the testimony met the requirements of Rule 702 of the Federal Rules of Evidence. For the reasons that follow, we affirm.

**I.**

Abreu first asserts that the magistrate judge improperly denied his motion to exclude the fingerprint evidence based on the reasoning of an unpublished report and recommendation by a magistrate in an earlier, unrelated case, because the unrelated case involved a different version of Rule 702 and could not have addressed the rule's new requirement that expert testimony be the result of reliable principles and methods. Second, he argues that although other circuits have determined that expert testimony regarding fingerprint evidence satisfies the factors listed in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993), which may be used to assess the relevance and reliability of expert testimony, the court still had a duty to determine whether the expert testimony in this case met the requirements of Rule 702. Third, Abreu contends that the government failed to establish that its expert's testimony was the

2

product of reliable principles and methods as required by Rule 702, and the district court should have at least held an evidentiary hearing on the issue. Fourth, Abreu maintains that the admission of the expert testimony was "severely prejudicial" and was the most damaging evidence relied on by the government, since it was the only direct evidence that placed Abreu in the storage room with the marijuana plants.

## II.

We review a district court's decisions regarding the admissibility of expert testimony and the reliability of an expert opinion for abuse of discretion. *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004), *cert. pet. filed*, No. 04-8324 (Jan. 13, 2005). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id.* at 1259. "Evidentiary errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights; where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." *United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir. 2005) (internal quotation and citation omitted).

## III.

Rule 702 of the Federal Rules of Evidence provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert* and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999), the Supreme Court made clear that "Rule 702 compels the district courts to perform the critical 'gatekeeping' function concerning the admissibility of expert scientific [and technical] evidence." *Frazier*, 387 F.3d at 1260 (emphasis omitted). "This function inherently require[s] the trial court to conduct an exacting analysis of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702." *Id.* (alteration in original) (internal quotation, citation and emphasis omitted). "The objective . . . is to ensure the reliability and relevance of [the] expert testimony." *Kumho*, 526 U.S. at 152, 119 S. Ct. at 1176.

To determine the admissibility of expert testimony, trial courts must consider if:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert

reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F.3d at 1260. In the present case, there is no dispute as to the qualifications of the expert or that the expert's testimony is relevant. Abreu, however, argues that the government failed to establish the reliability of the expert opinion.

To assess the reliability of an expert opinion, the court considers a number of factors, including those listed by the Supreme Court in *Daubert*:

(1) whether the expert's theory can be and has been tested;
(2) whether the theory has been subjected to peer review and publication;
(3) the known or potential rate of error of the particular scientific technique; and
(4) whether the technique is generally accepted in the scientific community.

*Frazier*, 387 F.3d at 1262. The *Daubert* factors are only illustrative and may not all apply in every case. *Id.* The district court has wide latitude in deciding how to determine reliability. *Kumho*, 526 U.S. at 142, 119 S. Ct. at 1171.

This court has not published an opinion regarding the admissibility and reliability of fingerprint evidence under *Daubert*. Other Circuits, however, have found that fingerprint evidence is sufficiently reliable and meets the standards of

5

Fed. R. Evid. 702. *See United States v. Crisp*, 324 F.3d 261, 268-70 (4th Cir. 2003) (holding that the district court did not abuse its discretion by admitting expert testimony regarding fingerprint evidence because fingerprint evidence satisfies *Daubert*); *United States v. Havvard*, 260 F.3d 597, 601-02 (7th Cir. 2001) (same); *United States v. Janis*, 387 F.3d 682, 690 (8th Cir. 2004) (same); *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir. 1996) (holding the trial court did not plainly err in admitting fingerprint evidence).

We agree with the decisions of our sister circuits and hold that the fingerprint evidence admitted in this case satisfied *Daubert*. Moreover, since district courts are given broad latitude in deciding how to determine the reliability of an expert opinion, we conclude from the record that the district court did not clearly err in giving greater weight to the general acceptance factor, as did the magistrate judge. Additionally, the magistrate judge considered information presented by the government detailing the uniform practice through which fingerprint examiners match fingerprints and the error rate of fingerprint comparison. As a result, based on our review of the record, the district court correctly found that the magistrate judge did not apply the wrong legal standard or make a clear error of judgment. Further, because the other evidence presented during Abreu's trial is sufficient to support the jury's verdict, any error committed

by the district court in admitting the expert testimony regarding fingerprint evidence is not reversible error. Accordingly, we affirm Abreu's conviction.

**AFFIRMED.**