[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14561

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 24, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 99-06092-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD R. ARNESON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 24, 2006)

Before BIRCH and MARCUS, Circuit Judges, and MILLS[*], District Judge.

MILLS, District Judge:

_____

[*] Honorable Richard Mills, United States District Judge of the Central District of Illinois, sitting by designation.

## FACTS

Donald R. Arneson was a licensed pharmacist. He became a federal prisoner after a jury found him guilty of 1 count of conspiring to dispense and distribute substances outside the course of professional medical practice, in violation of 21 U.S.C. § 846, and 63 counts of dispensing and distributing controlled substances outside the course of professional medical practice, in violation of 21 U.S.C. § 841(a)(1). Oxycodone was one of the substances Arneson unlawfully dispensed.

The district court determined that Arneson had a total offense level of 36 points and a criminal history score of 0. It sentenced Arneson to 192 months in prison.

Pursuant to 18 U.S.C. § 3582(c)(2), Arneson filed a motion for reduction of sentence based on Amendment 657 to the United States Sentencing Guidelines. Amendment 657 retroactively altered the drug equivalency for pills containing oxycodone. Arneson believed that the amendment, once applied, would lead to his base offense level being reduced to 26 and his sentence would be lessened accordingly.

After a hearing on Arneson's motion, the U.S. Magistrate Judge issued a report and recommendation ("R&R") that recommended denial of Arneson's

2

motion. Among other things, the R&R concluded that re-sentencing would be inappropriate because a recalculation of Arneson's sentence would be reduced by "only four months." The district court affirmed the R&R, stating that it "carefully considered the factors contained in 18 U.S.C. § 3553(a)." The district court concluded that "no sentence reduction is warranted in this matter, regardless of whether [Arneson] is correct that the recalculated base offense level would be a Level 26."

Arneson timely appealed. He argues that the denial of his motion was contrary to Amendment 657, the district court should have sentenced him to the low end of the Guideline range, his base offense level should have been recalculated from 32 to 26 points, and that his offense level should have been as low as 18 points given the quantities of medications the jury found to be unlawfully dispensed.

## STANDARD OF REVIEW

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. See United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir.1997).

## ANALYSIS

In United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), this Circuit

3

held that a district court must make two determinations before deciding whether to reduce a defendant's sentence pursuant to § 3582(c)(2). Id. (citations omitted). "First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed." Id. "Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id. For purposes of the second step, detailed findings of fact are unnecessary. Id. at 762. "[A] district court commits no reversible error by failing to articulate specifically the applicability, if any, of each of the section 3553(a) factors as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997)[1].

---

[1] The specific factors listed in 18 U.S.C. § 3553(a) are:

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed--

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

In the instant case, the district court concluded that "no sentence reduction is warranted in this matter, regardless of whether [Arneson] is correct that the recalculated base offense level would be a Level 26." It is implicit from this

---

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

Id.

5

statement that the district court substituted an amended guideline range of 26 in place of the original guideline calculation of 34 points. This satisfies the first step of Vautier. Id. at 760; see also United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2002).

The district court also stated that it "carefully considered the factors contained in 18 U.S.C. § 3553(a)" before finding that "no sentence reduction is warranted . . . ." With a base offense level of 26 and a 2 point abuse of trust enhancement, Arneson's amended guideline range was 78 to 97 months in prison. A sentence in this range would be considerably less than the 192 month sentence Arneson received. However, district courts have broad discretion in ruling on motions to reduce sentence. In light of the district court's express consideration of § 3553(a)'s factors, we cannot conclude that there was a "clear error of judgment" or an application of "the wrong legal standard." See United States v. Abreu, 406 F.3d 1304, 1306 (11 th Cir. 2005) (applying abuse of discretion standard).

## CONCLUSION

The district court's decision is **AFFIRMED**.