[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10733
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60251-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE ERVIN DALE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 2, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lee Ervin Dale appeals his convictions on two counts of theft of public money, in violation of 18 U.S.C. § 641; six counts of filing false claims with the government, in violation of 18 U.S.C. § 287; and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  On appeal, Dale argues that the district court erred in admitting at trial the testimony of a handwriting expert, Jason Miller, and a fingerprint expert, James Snaidauf.  He also contends that the court erred by denying his pro se motion for a new trial and by declining to reinstate the motion and allow him to proceed pro se after the case had been appealed.

However, after review of the parties' briefs and the record on appeal, we conclude that Dale's arguments are without merit.  Both experts were qualified, used scientifically reliable methodology, and provided testimony that was helpful to the jury.  Additionally, we do not find that the district court abused its discretion by declining to grant Dale's pro se motion for a new trial and subsequently declining to reinstate the motion, which he filed while represented by counsel.  Thus, we affirm the district court.

## I.

We review "the district court's decisions regarding the admissibility of expert testimony and the reliability of an expert opinion" for abuse of discretion.[1]

---

[1] The government avers we should review the district court's decisions for plain error, since Dale did not object to the introduction of Snaidauf's testimony at trial and did not preserve his objection to the introduction of Miller's testimony, whereas Dale asserts that abuse-of-

*United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc).  Rule 702 of the Federal Rules of Evidence controls the admission of expert testimony, and the factors listed in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993), may also be used to assess the relevance and reliability of expert testimony.

Dale first argues that the court abused its discretion in admitting the testimony of Snaidauf, the fingerprint expert.  Dale does not dispute that Snaidauf was properly qualified or that his testimony assisted the jury; instead, he argues that the government failed to show that fingerprint evidence is scientifically reliable.  However, we have held that fingerprint analysis utilizes scientifically reliable methodology, and Dale cites to no binding authority holding that the methodology applied in this case was scientifically unreliable.  *See United States v. Abreu*, 406 F.3d 1304, 1307 (11th Cir. 2005) (per curiam) (fingerprint evidence is reliable scientific evidence, satisfying the *Daubert* criteria for admissibility).  Thus, the district court did not abuse its discretion by admitting Snaidauf's testimony.

Nor did the district court did abuse its discretion in admitting the testimony of Miller, the handwriting expert.  Although Dale appears to argue that Miller was not qualified to testify as an expert in handwriting analysis, the record belies such a

---

discretion review applies.  However, we need not reach the question of what standard of review to apply because, as discussed below, Dale's evidentiary arguments fail even under the less deferential abuse-of-discretion standard.

contention.  Miller was properly qualified as an expert: he had been a forensic document examiner with the IRS for over ten years; he was certified with the American Board of Forensic Document Examiners; he had examined approximately 100,000 documents in his career; and he had twice previously been qualified as an expert in document examination in federal court.  Further, Dale's assertion that handwriting analysis is not reliable scientific evidence is without merit and has been squarely foreclosed by this court's precedent.  *See United States v. Paul*, 175 F.3d 906, 909–10 & n.2 (11th Cir. 1999) (finding that the argument that "handwriting analysis does not qualify as reliable scientific evidence" is meritless).

Finally, Miller's testimony was helpful to the jury in understanding how handwriting samples are compared and any danger of unfair prejudice from misleading the jury was mitigated by the fact that the jury was shown the handwriting, through the use of demonstrative aids, and was free to compare the handwriting for itself.  *See Frazier*, 387 F.3d at 1262 (an expert's testimony is helpful to the trier of fact if the testimony "concerns matters that are beyond the understanding of the average lay person").  In sum, because Miller was qualified to testify, handwriting analysis is a scientifically reliable methodology, and Miller's

4

testimony was helpful to the jury, the court did not abuse its discretion in admitting Miller's testimony.[2]

## II.

A district court's denial of a motion for a new trial receives abuse-of-discretion review. *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002). We have held that "the right to counsel and the right to proceed pro se exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987). The district court may allow a defendant to proceed with "hybrid representation"; however, this decision "rests in the sound discretion of the trial court." *Id*.

Here, the district court did not abuse its discretion in denying Dale's pro se motion, filed while he was represented, as the Southern District of Florida's local rules prohibited Dale from representing himself while he was represented by counsel. *See* S.D. Fla. L.R. 11.1(d)(4) ("Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf . . . unless an order of substitution shall first have been made by the [c]ourt . . . .").

---

[2] Dale also argues, albeit primarily in his reply brief, that the evidence was insufficient to convict him of aggravated identity theft. To the extent this argument is even before us, given that it was not clearly raised in his opening brief, *see United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (per curiam) (arguments not raised in initial brief are waived on appeal), it is substantially premised on the allegedly improper admission of the expert witness testimony—absent which Dale avers there was insufficient evidence to convict him. Since we determine for the above-stated reasons that the district court properly admitted this evidence, Dale's insufficiency argument is unpersuasive.

Dale refused to proceed pro se and the court advised him to discuss with his counsel the possibility of filing a motion for a new trial. However, none of Dale's attorneys would file a motion for a new trial on his behalf, and Dale never requested to proceed pro se or with hybrid representation during the nearly one year between his conviction at trial and his sentencing. The district court also did not abuse its discretion in declining to reinstate Dale's pro se motion after Dale had already appealed to this court. Dale's motion was improper as originally filed, and, although Dale had ample opportunity to file a proper motion for a new trial before his appeal, he did not avail himself of the opportunity to file a proper motion for a new trial in the time between his conviction and his sentencing.

## III.

Upon review of the record and consideration of the parties' briefs, we affirm the district court.

**AFFIRMED.**