ROY B. DALTON JR., United States District Judge
Before the Court is Plaintiffs' Motion to Strike Expert Report and to Exclude Testimony and Opinions of Barbara K. Mueller. (Doc. 311 ("Motion ").) Defendant opposes. (Doc. 314.) On review, the Motion is due to be denied.
I. BACKGROUND
This case asks whether Defendant properly classified analysts processing disability claims as administratively exempt from overtime wages under the Fair Labor Standards Act ("FLSA "). (See Docs. 1, 11, 202.) To that end, the Court has conditionally certified a national class of "Analysts" who claim that Defendant willfully misclassified them as exempt and failed to pay them overtime compensation to which they were entitled. (Doc. 163.) Defendant disputes any wrongdoing, claiming that the "Analysts" met the administrative exemption because their primary duty included the exercise of discretion and independent judgment with respect to matters of significance. (Docs. 170, p. 2; 203, p. 2.) To bolster its defense, Defendant proffers the expert report, testimony, and opinion of Barbara K. Mueller on the duties and requirements of Long-term Disability Analysts ("LTD Analysts ") and what it takes to process disability claims. (See Doc. 311-1; see also Doc. 314.) Plaintiffs argue Ms. Mueller's report, opinion, and testimony is inadmissible under Federal Rules of Evidence 702 and 403, arguing: (1) it constitutes an improper legal conclusion and goes to ultimate issues of fact; (2) it will not assist the factfinder; and (3) any probative value is outweighed by the danger of unfair prejudice. (See Doc. 311, pp. 2-8.) Briefing complete, the matter is ripe. (Docs. 311, 314.)
II. LEGAL STANDARDS
In its gatekeeping role, a district court is tasked to ensure that juries only hear "expert" opinions that satisfy the following requirements:
Qualifications -a witness that is "qualified as an expert by knowledge, skill, experience, training, or education" may testify as to his opinions of scientific, technical, or other specialized knowledge ( Fed. R. Evid. 702 ) ("Qualification Requirement ");
Reliability -the testimony is "based upon sufficient facts or data" ( Fed. R. Evid. Rule 702(b) ) and "is the product of reliable principles and methods" ( Fed. R. Evid. Rule 703(c) ), which the witness applied "reliably to the facts of the case"
*1359 ( Fed. R. Evid. Rule 702(d) ) ("Reliability Requirement "); and
Helpfulness -the testimony will help the jury to "understand the evidence or to determine a fact in issue" ( Fed. R. Evid. Rule 702(a) ) ("Helpfulness Requirement ").
City of Tuscaloosa v. Harcros Chems., Inc. , 158 F.3d 548, 562-63 (11th Cir. 1998) ; see also Cooper v. Marten Transp., Ltd. , 539 F. App'x 963, 965-67 (11th Cir. 2013). Importantly, the Court must abstain from credibility determinations and any assessment of the merits of an expert witness's opinion-which are matters exclusively reserved to juries-and must instead narrowly focus on whether the proponent of the expert witness has established the Qualification, Reliability, and Helpfulness Requirements. See Daubert v. Merrell Dow Pharm., Inc. , 509 U.S. 579, 594-95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ; see also Reeves v. Sanderson Plumbing Prods., Inc. , 530 U.S. 133, 155, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).
To determine whether the Qualification Requirement is met, "courts generally look to evidence of the witness's education and experience" and determine whether such qualifications and expertise sufficiently "fit" with "the subject matter of the witness's proposed testimony." In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig. , 711 F.Supp.2d 1348, 1367 (M.D. Ga. 2010) (citing Maiz v. Virani , 253 F.3d 641, 665 (11th Cir. 2001) ).
A determination on the Reliability Requirement involves several considerations that vary depending on the opinions and testimony at issue, and include the following well-known Daubert factors:
(1) whether the expert's theory can be or has been tested;
(2) whether the theory has been subject to peer review and publication;
(3) the known or potential rate of error of the particular scientific technique; and
(4) whether the technique is generally accepted in the scientific community.
Daubert , 509 U.S. 579, 113 S.Ct. 2786 ; United States v. Frazier , 387 F.3d 1244, 1262 (11th Cir. 2004). The factors pertinent to an analysis of the Reliability Requirement-including the Daubert factors-"are only illustrative and may not all apply in every case." United States v. Abreu , 406 F.3d 1304, 1307 (11th Cir. 2005). Ultimately, the district court must identify the pertinent factors, and it is accorded "wide latitude in deciding how to determine reliability." Id.
Finally, the Helpfulness Requirement turns on:
the common sense inquiry [of] whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.
See Fed. R. Evid. 702, Advisory Committee Notes (citation omitted).
The burden of establishing admissibility is borne by the proponent of the expert opinion. See Kilpatrick v. Breg, Inc. , 613 F.3d 1329, 1335 (11th Cir. 2010) (citing McCorvey v. Baxter Healthcare Corp. , 298 F.3d 1253, 1256 (11th Cir. 2002) ); see also Frazier , 387 F.3d at 1260. The proponent does not have to prove that the opinion is scientifically correct, just that it is reliable and helpful. See *1360 Lord v. Fairway Elec. Corp. , 223 F.Supp.2d 1270, 1279 (M.D. Fla. 2002) (citing Fed. R. Evid. 702, Advisory Committee Notes). If the proponent does so, then the court should open the gate by permitting the proponent to elicit testimony from the expert witness concerning his or her reliable opinions and by allowing the jury to fulfill its role of determining the weight to accord such testimony. Indeed, the Court's limited gatekeeping role "is not intended to supplant" presentation of contrary evidence to the jury or the practice of cross-examination in a courtroom. See United States v. Ala. Power Co. , 730 F.3d 1278, 1282-85 (11th Cir. 2013). Accordingly, once the proponent satisfies the minimum threshold for admissibility, the parties' remaining reliability and relevance disputes must be decided by the jury-preferably based on the litigants': (1) presentation of contrary evidence, such as testimony from the litigant's own expert witness providing both contrary opinions and criticism of-among other things-the opposing expert's qualifications and the inaccuracy or unreliability of his or her opinions; and (2) use of cross-examination and appropriate legal argument. See id. ; see also Costa v. Wyeth, Inc. , No. 8:04-cv-2599-T-27MAP, 2012 WL 1069189, at *2 (M.D. Fla. Mar. 29, 2012).
III. ANALYSIS
From Plaintiffs' Motion, neither the Qualification Requirement nor the Reliability Requirement are at issue. (See Doc. 311.) Instead, the Motion focuses on the Helpfulness Requirement: that Ms. Mueller will not assist the jury because an LTD Analyst's job duties are easily understandable. (See Doc. 311, pp. 3-8.) Furthermore, the Motion argues that Ms. Mueller's expert report offers a legal conclusion. (See id. ) On review, the Court disagrees.
First, although undisputed, the Court finds both the Qualification Requirement and Reliability Requirement met for Ms. Mueller. As explained in her Report, Ms. Mueller has vast experience in the disability insurance industry that includes managing disability insurance claims. (Doc. 311-1, pp. 4, 11-13.) To reach an opinion here, she reviewed internal company documents, deposition transcripts from the named plaintiffs, and additional filings. (Id. at 3.) From this review, combined with her education, training, and experience, she formed the opinion that the Analysts here are like other LTD Analysts, "responsible for exercising discretion and independent judgment with respect to matters of great significance." (Id. at 4.) With this, the Court finds Defendant has carried its burden to show Ms. Mueller is qualified and employed sound methodology to reach her opinion. See, e.g., Benavides v. City of Austin , No. A-11-CV-438-LY, 2012 12883179, at *4 (W.D. Tex. July 2, 2012) (finding expert testimony admissible in FLSA exemption case where methodology involved reviewing the plaintiffs' depositions and employer's documents). Thus, the Court turns to Plaintiffs' arguments.
Plaintiffs contend that Ms. Mueller's opinion constitutes an improper legal conclusion since determining whether the Analysts met FLSA's administrative exemption involves evaluating how much discretion and independent judgment they exercised for matters of significance. (Doc. 311, p. 4.) Indeed, proposed expert testimony that offers a legal conclusion is inadmissible. See Montgomery v. Aetna Cas. & Sur. Co. , 898 F.2d 1537, 1541 (11th Cir. 1990). But the legal question here is whether Plaintiffs met FLSA's administrative exemption. See, e.g., Benavides , 2012 WL 12883179, at *2. "This determination requires the fact-finder to evaluate the nature and terms of Plaintiff[s'] employment, draw inferences from *1361 these facts, and apply the regulations and interpretations promulgated under section 213(a)(1)." Id. As such, the underlying factors-including how much independent judgment and discretion was exercised-are factual issues for the factfinder, not the ultimate legal conclusion. See id. at *2-3. Were Ms. Mueller to go beyond her explanation of LTD Analysts job duties to state an opinion on whether Plaintiffs were properly categorized as exempt, that would be an impermissible legal conclusion. See id. at *3. As it stands, however, the scope of Ms. Mueller's proposed testimony is perfectly admissible. See id. ; cf. Johnson v. All Am. Check Cashing, Inc. , No. 3:13-CV-270-WHB-RHW, 2015 WL 11120670, at *1-3 (S.D. Miss. Mar. 12, 2015) (granting in part motion to strike expert testimony that the plaintiff met FLSA's administrative exemption but allowing expert to testify on issues that did not bear on the legal question of the administrative exemption). Hence, the Court rejects Plaintiffs' first argument.
Next, Plaintiffs seek exclusion of Ms. Mueller's testimony and report on the grounds that the issues involved here do not require specialized knowledge and are well within the province of the jury, such that having an expert testify would be unhelpful and prejudicial. (Doc. 311, pp. 5-8.) The Court disagrees. This case envisages a searching inquiry into the world of processing disability insurance claims-an industry unfamiliar to the average layperson. Not only must the factfinder learn about this industry, it must also understand the ins and outs of how processing these claims works. To top it off, the factfinder must then decide what level of discretion and independent judgment, if any, such processing requires. Such concepts are unfamiliar to most who haven't interacted with the world of disability insurance, yet understanding them is crucial to this case. Having someone like Ms. Mueller, who is intimately familiar with this business, to break down the industry, the role of LTD Analysts, and their job duties would undoubtedly benefit the factfinder navigate this case. What is more, the global perspective and overview Ms. Mueller seeks to provide is not available through testimony from Plaintiffs or Defendant's employees alone. Thus, the Court finds that Ms. Mueller's opinion and testimony will assist the factfinder in evaluating the facts, making the necessary inferences from those facts, and applying the regulations at issue. See Benavides , 2012 WL 12883179, at *3 ; see also Rodriguez v. Farm Stores Grocery, Inc. , 518 F.3d 1259, 1273 (11th Cir. 2008) (noting in FLSA exemption case that expert testimony on job duties employees performed was admitted to determine whether exemption met).
Last, the Court finds meritless Plaintiffs' Rule 403 argument that the probative value of Ms. Mueller's testimony is outweighed by the danger of prejudice, which mirrors the argument that Ms. Mueller invades the jury's province. (See Doc. 311, pp. 7-8.) Any lingering gripes about Ms. Mueller's position may be addressed on cross-examination.
IV. CONCLUSION
Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike Expert Report and to Exclude Testimony and Opinions of Barbara K. Mueller (Doc. 311) is DENIED .
DONE AND ORDERED in Chambers in Orlando, Florida, on August 28, 2018.