[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14469

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FREDDY ANDRES PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20024-CMA-2

_____

Before ROSENBAUM, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Freddy Perez appeals his conviction for possession of a firearm during and in relation to a drug trafficking crime. On appeal, he argues that: (1) the district court abused its discretion in admitting expert testimony and allowing the expert to testify as to an essential element of the offense; (2) the district court abused its discretion in admitting a phone call from a co-conspirator; and (3) the government did not present sufficient evidence to establish that he had the requisite advance knowledge to prove that he had aided and abetted his codefendants' possession of a firearm. Having read the parties' briefs and reviewed the record, we affirm Perez's conviction.

## I.

We review the district court's evidentiary rulings, including the admissibility of expert testimony, for an abuse of discretion. *United States v. Jeri*, 869 F.3d 1247, 1265 (11th Cir. 2017). An abuse of discretion occurs when the district court has made a clear error of judgment or applied the wrong legal standard. *United States v. Abreu*, 406 F.3d 1304, 1306 (11th Cir. 2005). However, even if the district court abused its discretion, we will not reverse an erroneous evidentiary ruling unless the error was not harmless. *United States v. Augustin*, 661 F.3d 1105, 1123 (11th Cir. 2011). An error

is harmless unless, based on the entirety of the record, there is a reasonable likelihood that the error had a substantial influence on the outcome of the proceeding. *Id.*; *see* Fed. R. Crim. P. 52(a) (an error that "does not affect substantial rights" is harmless and "must be disregarded").

## II.

Rule 704(b) provides that, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). This prohibits an expert from stating an opinion on the defendant's intent. *United States v. Stahlman*, 934 F.3d 1199, 1220 (11th Cir. 2019). Nor may the expert opine on the defendant's state of mind at the time of the offense. *Jeri*, 869 F.3d at 1266. But, under Rule 704(b), an expert may give testimony "that supports an obvious inference with respect to the defendant's state of mind if that testimony does not actually state an opinion on the ultimate issue, and instead leaves this inference for the jury to draw." *Stahlman*, 934 F.3d at 1220 (quotation marks omitted, alteration adopted); *see also United States v. Akwuba*, 7 F.4th 1299, 1318 (11th Cir. 2021) (explaining that expert testimony did not violate Rule 704(b) where the expert did not "state an opinion on th[e] ultimate issue" (quotation marks omitted)).

We have held that "[t]he operations of narcotics dealers are a proper subject for expert testimony under Rule 702" and that "an

experienced narcotics agent may testify as an expert to help a jury understand the significance of certain conduct or methods" unique to organizations involved in drug trafficking. *United States v. Garcia*, 447 F.3d 1327, 1335 (11th Cir. 2006) (quotation marks omitted). In *United States v. Alvarez*, 837 F.2d 1024, 1030-31 (11th Cir. 1988), we upheld the admission of the expert's testimony when he testified that it would be unlikely crew members aboard a vessel carrying a large quantity of cocaine would be unaware of its presence because an unknowing participant could interfere with the operation. *Id.* We held that the testimony created an "obvious inference . . . that the defendants in this case were aware of the contraband aboard the vessel," but nonetheless, "left the inference for the jury to draw." *Id.* at 1031.

The record here demonstrates that the district court did not abuse its discretion in allowing Tillman, a narcotics officer with the Miami Police Department, to testify to the techniques of street-level drug trafficking to help the jury understand the co-conspirators' conduct. Further, considering the entirety of Tillman's testimony, he created the obvious inference that Perez had knowledge of the firearm but left the jury to draw that inference. Moreover, even if the district court did abuse its discretion in permitting Tillman to testify to Perez's mental state, any error was harmless for the reasons discussed *infra*.

### III.

Under the Federal Rules of Evidence, hearsay is an out-of-court statement offered into evidence "to prove the truth of

the matter asserted in the statement." Fed. R. Evid. 801(c). Generally, hearsay is not admissible. Fed. R. Evid. 802. However, an out-of-court statement that is either (1) offered to show its effect on the listener or (2) more in the nature of an order or a request that, to a large degree, is not even capable of being true or false, is not hearsay. *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015). Additionally, a co-conspirator's out-of-court statement made during and in furtherance of the conspiracy is not hearsay and, thus, can be offered for the truth of the matter asserted. Fed. R. Evid. 801(d)(2)(E).

However, for a co-conspirator's statement to be admitted, the government must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the declarant made the statement during and in furtherance of the conspiracy. *United States v. Christopher*, 923 F.2d 1545, 1549-50. (11th Cir. 1991). When determining whether these conditions have been satisfied, the district court may rely on information provided by the co-conspirator's statement, as well as any other evidence. *United States v. Byrom*, 910 F.2d 725, 735 (11th Cir. 1990).

"This [C]ourt applies a liberal standard in determining whether a statement is made in furtherance of a conspiracy. The statement need not be necessary to the conspiracy, but must only further the interests of the conspiracy in some way." *United States v. Flores*, 572 F.3d 1254, 1264 (11th Cir. 2009) (quotation marks and citation omitted). We review factual findings for clear

error. *Christopher*, 923 F.2d at 1550. Accordingly, the district court's determination that a statement was made in furtherance of a conspiracy will not be reversed on appeal unless clearly erroneous. *United States v. Garcia*, 13 F.3d 1464, 1473 (11th Cir. 1994).

Further, the improper admission of a co-conspirator's hearsay statement is subject to the harmless error rule. *Id.* Improper admission of a co-conspirator's hearsay statement is harmless when it had no substantial influence on the outcome and sufficient evidence supports the jury's verdict. *Christopher*, 923 F.2d at 1552 (concluding that error was harmless given the "overwhelming" evidence of guilt, including testimony linking drugs to the defendant, drugs and drug distribution materials found in the defendant's home, and defendant's attempted escape from law enforcement).

The record shows that the district court also did not abuse its discretion in admitting the phone call between Nirso Pimentel, the undercover officer involved in the operation to purchase illegal firearms and narcotics, and Bryant Etchevarne, one of Perez's co-conspirators. The surveillance video of the operation showed that Etchevarne repeatedly used plural nouns during the conversation, indicating that a conspiracy existed before the call, rendering irrelevant the time when Perez joined the conspiracy. Perez has not demonstrated that the district court's finding that the statement was made in furtherance of the conspiracy was clearly erroneous, as the primary purpose of the phone call was for Etchevarne and Pimentel to coordinate the sale of cocaine and a firearm. Additionally, any error was harmless because the record demonstrates that

sufficient evidence, independent of the phone call, supported Perez's guilt as to Count Four.

## IV.

Where a defendant preserves a challenge to the sufficiency of the evidence through a post-trial motion for a judgment of acquittal, we review the sufficiency of the evidence *de novo*, viewing "all evidence in the light most favorable to the government, resolving any conflicts in favor of the government's case." *United States v. Watts*, 896 F.3d 1245, 1250-51 (11th Cir. 2018). We cannot overturn a jury's verdict "if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Capers*, 708 F.3d 1286, 1297 (11th Cir. 2013). The evidence need not rule out all reasonable hypotheses except guilt. *Id.* Further, the jury may choose from all of the reasonable conclusions that may be drawn from the evidence presented at trial, "[b]ut when the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *Id.* (quotation marks omitted, alteration adopted).

Under 18 U.S.C. § 924(c), any person who either knowingly uses or carries a firearm during and in relation to any drug trafficking crime or who possesses a firearm in furtherance of any such crime shall be sentenced to a term of imprisonment not less than five years. *See* 18 U.S.C. § 924(c)(1)(A)(i). Further, a person who aids or abets the commission of a federal offense is punishable as a principal. *Rosemond v. United States*, 572 U.S. 65, 70, 134 S. Ct.

1240, 1245 (2014); 18 U.S.C. § 2.  A defendant is criminally liable for aiding and abetting a § 924(c) offense when he actively participates in a criminal scheme knowing that one of his confederates will carry a gun.  *Rosemond*, 572 U.S. at 77, 134 S. Ct. at 1249.  The defendant's knowledge of a firearm must be advance knowledge such that his continued participation shows the requisite intent to assist a crime involving a gun.  *Id.* at 78, 134 S. Ct. at 1249.  For this reason, a defendant must have knowledge at a time where he has a realistic opportunity to quit the crime, such as by walking away.  *Id.*  That said, "a jury may infer from a defendant's failure to object or withdraw that he had advance knowledge, if he continues to participate in the crime after a confederate displays or uses a gun." *Steiner v. United States*, 940 F.3d 1282, 1290 (11th Cir. 2019) (citing *Rosemond*, 572 U.S. at 78, 134 S. Ct. at 1250 n.9) (quotation marks omitted).

The record shows that the government presented sufficient evidence for a jury to find that Perez had advance knowledge of the firearm.  The surveillance video showed that Perez's behavior after Homs Ortiz, another co-conspirator, presented the firearm to Pimintel allows for the inference that he had such advance knowledge.  In the discussion about firearms, Perez was the first person to reassure Pimentel that the firearm was not registered in any of the co-conspirators' names.  Neither Homs Ortiz nor Etchevarne had mentioned anything about the gun's origins at that point on the surveillance footage, signifying that Perez had this knowledge before entering the undercover location.    Thus,

logically, Perez could not have known about the gun's origins without knowing about the gun itself.  Similarly, Perez was the first co-conspirator to state that the firearm had likely been reported stolen, providing history about the firearm that had not yet been discussed on surveillance footage.  Because Perez was the first co-conspirator to discuss the firearm's origins and its traceability on the surveillance footage inside the undercover location indicates that he had this knowledge before entering the warehouse, and thus had a realistic opportunity to quit the crime.  Thus, we conclude that the government presented sufficient evidence to support Perez's conviction under 18 U.S.C. § 924(c).  Accordingly, based on the aforementioned reasons, we affirm Perez's conviction.

**AFFIRMED.**